# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MICHAEL COMER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-2455 (RMU) |
| | : | | |
| v. | : | | |
| | : | | |
| FEDERAL BUREAU OF | : | Re Document Nos.: | 15, 16, 22, 25, 38, 41, |
| INVESTIGATION *et al.*, | : | | 42, 43 |
| | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### LIFTING THE STAY AND DISMISSING THIS ACTION FOR FAILURE TO PROSECUTE

The *pro se* plaintiff, previously incarcerated at the Federal Prison Camp in Yankton,

South Dakota ("FPC Yankton"), filed a complaint on December 31, 2009, "seeking the

expedited processing and release of agency records" allegedly in the defendants' possession.

Compl. at 1. According to the Federal Bureau of Prisons' Inmate Locator, the plaintiff was

released from custody on June 29, 2010, *see* http://www.bop.gov/iloc2/LocateInmate.jsp (last

visited Sept. 20, 2010), and mail sent to him at his current address of record, FPC Yankton, has

been returned to the Clerk of the Court as undeliverable.

Pursuant to Local Civil Rule 5.1(e)(1), the plaintiff was required to file a notice of any

change in his address within fourteen days after the change. *See* LCvR 5.1(e)(1). To date, he

has not done so. Nor has the plaintiff responded to any of the defendants' pending dispositive

motions, notwithstanding a court order in each instance directing the plaintiff to file an

opposition by a date certain and advising him that his failure to respond could result in the

motions being granted as conceded.  *See* Orders (April 6, 2010; March 30, 2010; March 18, 2010).

On August 12, 2010, the court issued an order to show cause directing the plaintiff to notify the Clerk of Court of his change of address or, alternatively, of his intention not to prosecute this case.  Order (Aug. 12, 2010).  The order set a deadline of September 15, 2010, and to date, plaintiff has not responded.  *Id.*

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).  Because the plaintiff has failed to respond to the court's show cause order and failed to prosecute this case, the court dismisses this action pursuant to Federal Rule of Civil Procedure 41 and Local Civil Rule 83.23.

An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 20th day of October, 2010.


RICARDO M. URBINA
United States District Judge